```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| HARVEY BIRDMAN, DIANE BIRDMAN, HERBERT HIRSCH, BONITA HIRSCH, BARCLAY ASSOCIATES, INC., WARWICK ASSOCIATES, INC., and KINGBRIDGE ASSOCIATES, INC.,<br><br>                    Petitioner/Plaintiffs,<br><br>v.<br><br>THE INTERNAL REVENUE SERVICE, the COMMISSIONER OF THE INTERNAL REVENUE, DOUGLAS H. SHULMAN,  in his official capacity, UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, the DIRECTOR OF THE INTERNAL REVENUE, CLAUDETTE WATSON-ANDERSON, in her official capacity, GOVERNOR P. de JONGH, in his official capacity, LOUIS M. WILLIS, in his individual capacity,<br><br>                    Respondents/Defendants. | CASE NO.  2010-140 |

```
        REPORT AND RECOMMENDATION ON MOTION TO AMEND
                  THE AMENDED COMPLAINT
```

    Before the Court is plaintiffs' motion to amend (ECF 33) the Amended Complaint (the "Amended Complaint;" ECF 3).  Plaintiffs move to amend Counts 17 through 22 of the Amended Complaint and to withdraw their Notice of Qualified Offer.  For reasons set forth below, the motion should be granted in part and denied in part.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 2 of 15

### A. Facts Alleged in the Amended Complaint

In Counts 1-7 of the Amended Complaint, plaintiffs sought a redetermination of deficiency of their income tax liability for various tax years from the Internal Revenue Service ("IRS") and the Commissioner of the Internal Revenue Service. In Counts 8-16, plaintiffs pled refund actions for various tax years against the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue ("VIBIR").[1] In Counts 17, 18, 19, and 20, plaintiffs asserted causes of action under 42 USC § 1983 for due process and equal protection violations, and in Counts 21 and 22, plaintiffs asserted causes of action for violations of the Fifth Amendment Takings Clause.

In the Amended Complaint (ECF 3), plaintiffs allege the following as the factual basis for Counts 17-22:

In June 2004, Louis Willis, then Director of the VIBIR, executed a "secret agreement" with the IRS, wherein the VIBIR and the IRS agreed "that the . . . [VIBIR] would keep any funds paid to it by those taxpayers that were found not to be bona fide . . . [United States Virgin Islands] residents. . . ." (Amended Complaint (ECF 3), ¶ 170) The Governor of the Virgin Islands neither approved the

---

[1] Defendants the Government of the Virgin Islands, the VIBIR, the Director of the VIBIR, Watson-Anderson, Governor de Jongh, and Willis are collectively sometimes referred to as the "Virgin Islands Defendants".

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 3 of 15

execution of the agreement nor delegated the authority to do so to anyone else. (*Id*. ¶ 171)

The Internal Revenue Service has been auditing "individuals who claimed to be bona fide Virgin Islands residents and who claimed an Economic Development Commission credit," and Virgin Islands "entities that are EDP [Economic Development Program] approved beneficiaries" or related entities.  (*Id.*, ¶¶ 166, 167)  For the calendar years 2003-2005, plaintiffs claimed an EDC credit on their income tax returns filed with the VIBIR.  (*Id.*, ¶ 183)  The VIBIR will not process the income tax return of a taxpayer that has been selected for an EDC audit.  (I*d.*, ¶¶ 178, 179)   It is the policy of the current Director of the VIBIR, Claudette Watson-Anderson, not to pay refunds to EDC beneficiaries until after the completion of an IRS audit. (*Id.*, ¶ 180)

The IRS takes the position that the limitations period for tax assessment does not start to run upon a filing of an income tax return with the VIBIR, and that funds paid to the VIBIR are not creditable toward income tax liability owed to the IRS. (*Id.*, ¶¶ 185, 186)  In contrast, the VIBIR takes the position that the statute of limitations "operates to prevent taxpayers who have been assessed by the IRS from recouping the funds paid to the [VIBIR]."  (Amended Complaint, ¶ 187)

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 4 of 15

### B. Legal Standard on Motions to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires.[2] A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile."[3] "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted"[4] or that "'the amendment will not cure [any] deficiency in the original complaint.'"[5]

### C. Analysis

#### 1. Count 17

In this Count, plaintiffs assert a cause of action under 42 U.S.C. § 1983 for due process violations against (1) the IRS, (2) IRS Commissioner Douglas H. Shulman in his official capacity, (3) the United States Virgin Islands, (4) the VIBIR, (5) VIBIR Director

---

[2] Fed. R. Civ. P. 15 (a).

[3] *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa., Dec. 21, 2009) *(citing Foman v. Davis*, 371 U.S. 178 (1962)).

[4] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

[5] *Reszler v. Travelers Property Casualty Insurance*, 2007 U. S. Dist. LEXIS 24683, at *13 (D.N.J. April 3, 2007)(quoting *Onyiuke v. New Jersey State Supreme Court*, 435 F. Supp. 2d 394, 403 (D.N.J 2006)).

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 5 of 15

Watson-Anderson in her official capacity, (6) Governor John P. de Jongh in his official capacity, and (7) former VIBIR Director Willis in his official capacity. Plaintiffs move to amend Count 17 to add a claim for prospective injunctive relief (rather than seeking a declaration), to add "John Does 1-10",[6] to add an allegation that the John Does conspired with VIBIR officials to violate plaintiffs' constitutional rights, and to add a factual allegation that Willis executed a "secret agreement" with the John Does, and conspired to violate plaintiffs' rights under the Fifth and Fourteenth Amendments and the Fifth Amendment Takings Clause.

The Virgin Islands Defendants oppose the motion, contending that the proposed amendments do not cure existing deficiencies in the Amended Complaint, and are therefore futile. They argue that plaintiffs cannot bring direct constitutional claims against them, and that the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a)(the "Anti-Injunction Act"), bars plaintiffs' claims.[7] The IRS and the Commissioner of the IRS ("the Federal Defendants") also oppose the motion on the basis that the Anti-Injunction Act bars plaintiffs' claim for injunctive relief.

---

[6] "John Does 1-10" are purportedly unknown IRS agents that acted for the IRS in the conspiracy with the VIBIR (e.g., ECF 33-1, ¶ 201).

[7] These arguments are asserted in connection with the Virgin Islands Defendants' Motion Dismiss the Amended Complaint (ECF 23), and the parties referred the Court to the arguments raised in the briefing on that motion to support their positions on the motion to amend the complaint. See ECF 37, p, 2, and ECF 38, p. 2.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 6 of 15

Plaintiffs counter that they are seeking prospective injunctive relief, permissible under the ruling in *Iles v. Gerard v. de Jongh*, 2011 WL 1467215 (3d Cir. 2011).[8] Plaintiffs also argue that the Anti-Injunction Act only operates to bar suits to enjoin the collection of taxes, and because the VIBIR has already collected taxes from plaintiffs, the Act does not apply. Finally, plaintiffs claim that they seek relief from on-going constitutional violations, and their constitutional rights cannot be abrogated by either the Declaratory Judgment Act or the Anti-Injunction Act. (Plaintiffs' Opposition to the motion to dismiss, ECF 29, at p. 18)

Section 1397 of Title 48, United States Code, provides that the internal revenue laws of the United States "shall be held to be likewise in force in the Virgin Islands of the United States[.]" Accordingly, pursuant to § 1397, the Internal Revenue Code, including the Anti-Injunction Act, is applicable in the Virgin Islands. The Anti-Injunction Act in pertinent part provides that "no suit . . . for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[9]

---

[8] In *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993), the Third Circuit had previously held that "[n]either the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983."

[9] 26 U.S.C. § 7421(a).

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 7 of 15

In *Alexander v. "Americans United" Inc.*,[10] the Supreme Court explained that in determining whether a taxpayer's action restrains the assessment or collection of taxes, a court must look to the "purpose" of the taxpayer's action.[11] The Supreme Court also cautioned that even if a taxpayer's claim allegedly has constitutional implications, that does not mean the Anti-Injunction Act does not bar it.[12]

Here, plaintiffs pray for prospective injunctive relief to enjoin the IRS and VIBIR from violating plaintiffs' constitutional rights by (1) allocating funds to which it has no legal right to the VIBIR pursuant to the alleged secret agreement, and (2) "extracting" plaintiffs' property through a conspiracy between the IRS and VIBIR to take inconsistent positions with respect to the statute of limitations, which could result in double taxation.

Based on *Alexander* v. *"Americans United"*, *Inc.,* this Court must determine if plaintiffs' request for injunctive relief amounts to a restraint on the assessment or collection of taxes. If the Court were to enjoin the allocation of funds that the VIBIR is to receive pursuant to the alleged "secret agreement," it would restrict the manner in which the IRS and/or the VIBIR assesses and/or determines

---

[10] 416 U.S. 752 (1974).

[11] *Id.* at 760-61.

[12] *Id.* at 759-60.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 8 of 15

plaintiffs' tax liability. Likewise, any attempt by the Court to direct the IRB and VIBIR in their application of the Code's statute of limitations to prevent the "extraction of plaintiffs' property" would impact how plaintiffs' taxes would be assessed. The Court is prohibited from doing these acts under the Anti-Injunction Act. Finally, to enjoin the IRS and VIBIR from utilizing a particular method to assess plaintiffs' income tax liability would amount to a restraint on the IRS's and /or the VIBIR's assessment methods, which is also prohibited by the Anti-Injunction Act. Accordingly, it is recommended that plaintiffs' motion to amend the complaint to seek prospective injunctive relief be denied. In addition, plaintiffs' request to add federal defendant "John Does" and to assert constitutional claims against them under 42 U.S.C. § 1983 should be denied as futile, because such causes of action cannot be maintained against federal employees.[13]

### 2. Count 18

Here plaintiffs assert a cause of action under 42 U.S.C. § 1983 against Shulman, Watson-Anderson, Governor de Jongh and Willis, seeking a declaration that the defendants' actions have resulted in a denial of their due process rights. Plaintiffs move to amend Count

---

[13] See 42 U.S.C. § 1983 (defendant must be acting under color of state law); see also *Pugh v. Internal Revenue Service*, 472 F. Supp. 350, 352 (E.D. Pa. 1979)(explaining that section 1983 is not an available remedy for complaints regarding the actions of federal officers acting under color of federal laws).

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 9 of 15

18 (1) to add the federal John Doe defendants, (2) to delete Governor de Jongh as a defendant, (3) to sue Shulman, Watson-Anderson, the John Does and Willis in their individual capacities, and (4) to add additional factual allegations regarding the alleged "secret agreement."

The Virgin Islands Defendants contend that a cause of action for declaratory relief is barred by the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a).[14] They argue that because the income tax laws of the United States are also the income tax laws of the Virgin Islands under 48 U.S.C. § 1397, and the "federal tax exception" in § 2201(a) applies to the United States income tax laws, the exception should also apply in the Virgin Islands. Plaintiffs contend, however, that the DJA is not part to the Internal Revenue Code, and therefore it is not applicable to the Virgin Islands.[15]

---

[14] Title 28, United States Code, Section 2201(a) in pertinent part provides:

> In a case of actual controversy within its jurisdiction, ***except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . .*** any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such (emphasis added).

[15] Neither party has offered authority in support of its position, and the Court has not found any direct authority either.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 10 of 15

The Federal Defendants also contend that the DJA bars plaintiffs' claim for declaratory judgment.[16]

The Court must decide whether the federal tax exception to the DJA is applicable in the Virgin Islands. The DJA was amended in 1935 to include the "with respect to Federal taxes" exception to prevent courts from entering declaratory judgments "holding various tax statutes unconstitutional, something they were barred from accomplishing under the anti-injunction statute."[17] In *Bob Jones University v. Simon,*[18] the Supreme Court acknowledged "that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."[19] Pursuant to Title 48 U.S.C. § 1397, all income tax laws of the United States are made applicable in the Virgin Islands, including the Anti-Injunction Act. Because of the "mirroring effect" of § 1397, the DJA federal tax exception should be applicable in the Virgin Islands to fill any gap in the reach of the Anti-Injunction Act when cases seeking declaratory relief are presented. Thus, the Court finds that because of

---

[16] As noted, 42 U.S.C. § 1983 causes of action cannot be maintained against federal employees. As such, plaintiffs' motion to amend to assert a § 1983 action against Shulman and the John Does in their individual capacities should be denied on that basis.

[17] "*Americans United" Inc. v. Walters*, 477 F.2d 1169, 1175 (U.S.D.C. App. 1973) (citations omitted).

[18] 416 U.S. 725 (1974).

[19] *Bob Jones University*, 416 U.S. at 732 n6.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 11 of 15

"mirroring-effect" of § 1397, the DJA is applicable in the Virgin Islands, and the Court cannot issue a declaratory judgment if its effect would be to enjoin or restrain the collection or assessment of taxes. This result would promote continuity and consistency in the application and interpretation of the Code in cases brought either against or by the United States or the Virgin Islands under the Code.

In *Wheeler v. Baugh*,[20] the district court held that a suit could not be maintained against two IRS employees in their individual capacities where plaintiff sought, among other relief, a declaration that the defendants violated his due process rights.[21] The *Wheeler* Court noted that Congress has not provided for equitable or declaratory relief in the "tax context," but has provided other specific statutory remedies,[22] and that "'courts will not create a . . . remedy for the violation of a constitutional right when Congress has created explicit remedies or when a court created remedy would interfere with the effective functioning of government . . .'"[23]

---

[20] 2002 U.S. Dist. LEXIS 2955, (W.D. Pa. Jan. 29, 2002).

[21] *Wheeler*, 2002 U.S. Dist. LEXIS 2955, at *3.

[22] *Id.* at *13.

[23] *Id.* at *14 (citations omitted). The *Wheeler* Court observed that the Third Circuit in *Shreiber v. Mastrogiovanni*, 214 F. 3d 148 (3d Cir. 2000), had held that there is no right to maintain a damages action against an IRS agent engaged in tax assessment activity and accused of violating constitutional rights, because "'Congress has provided what it considers to be adequate remedial mechanisms for wrongs that may occur in the course of'" the relationship between the "'taxpayer

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 12 of 15

Plaintiffs seek a declaration that defendants' actions violated their constitutional right to due process. As found in *Wheeler*, Congress has not provided an equitable remedy for alleged violations of constitutional rights in the tax context. Accordingly, the Court finds that plaintiffs cannot maintain a 42 U.S.C. § 1983 action seeking declaratory relief here. Thus, it would be futile to allow plaintiffs' motion to amend Count 18 to assert this cause of action, and it is recommended that the motion be denied.

3. **Count 19**

Plaintiffs seek to delete this Count. It is recommended that plaintiffs be permitted to delete this Count.

4. **Count 20**

In this Count, plaintiffs assert a cause of action under 42 U.S.C. § 1983 against defendants Shulman, Watson-Anderson, the Governor, and Willis, in their official capacities, for violation of the Fourteenth Amendment equal protection clause. Plaintiffs move to amend the Count to request prospective injunctive relief, and to delete Shulman as a defendant.

Based on the principle enunciated in "*Americans United*," the Court must look to the purpose of plaintiffs' action to determine if it amounts to a restraint on the assessment or collection of taxes.

---

and the taxman'". *Wheeler*, 2002 U.S. Dist. LEXIS 2955, at *13 (quoting *Shreiber*, 214 F. 3d 148, at 152, 155). The *Wheeler* Court concluded that the same reasoning should apply to a suit seeking declaratory relief.

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 13 of 15

Here, plaintiffs seek to enjoin the defendants from continuing to have a policy of not paying income tax refunds to those who took an Economic Development Commission credit. Plaintiffs allege that because they claimed an EDC credit on their income tax returns, they are being audited by the IRS and that, as a result, the VIBIR will not process their request for an income tax refund. (See Amended Complaint, ¶¶ 183, 166, 167, 172, 178, and 179)

Based on plaintiffs' allegations, it appears that plaintiffs may not yet have received their claimed refund because the IRS is conducting an audit of their returns. As such, it is the Court's view, and the view of other courts,[24] that the Anti-Injunction Act prevents this Court from hearing plaintiffs' claim because the relief sought could restrain tax collection and assessment activities. Accordingly, it would be futile to allow plaintiffs to amend Count 20 to seek prospective injunctive relief against defendants, and it is recommended that the motion be denied. The motion to delete Shulman as a defendant should be granted.

    5.   **Count 22**

Count 22 attempts to state a *Bivens* action against Willis in his individual capacity for violation of the Fifth Amendment Takings Clause, and seeks consequential and punitive damages. Plainitffs

---

[24] See, e.g., *Vidra v. Egger*, 575 F.Supp. 1305, 1307 (E.D. Pa. Dec. 8, 1982)(holding that a request for an injunction to restrain defendants from continuing to withhold refunds is prohibited by the Tax Anti-Injunction Act).

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 14 of 15

move to amend to add Watson-Anderson as a defendant, and assert a *Bivens*-Type cause of action against Watson-Anderson and Willis. A *Bivens*-Type action is an action for damages action against a federal employee for the violation of the constitutional rights of a person under color of federal law.[25] Watson-Anderson and Willis are not federal employees. Accordingly, it would be futile to grant plaintiffs' motion to amend the complaint in this fashion.

    6.  **Withdrawal of the "Notice of Qualified Offer"**

The defendants do not oppose this request to amend and it should be granted.

For the foregoing reasons, it is hereby RECOMMENDED:

    1.  As to Count 17, plaintiffs' motion to amend should be DENIED.

    2.  As to Count 18, Plaintiffs' motion to amend should be DENIED in all respects except that plaintiffs' request to delete John P. de Jongh as a defendant should be GRANTED.

    3.  As to Count 19, plaintiffs' motion to delete this Count should be GRANTED.

    4.  As to Count 20, Plaintiff's motion to amend to seek prospective injunctive relief should be DENIED, and plaintiffs' motion to delete Shulman as a defendant should be GRANTED.

---

[25] *Paton v. La Prade,* 524 F.2d 862, 969-71 (3d Cir. 1975).

*Birdman, et al. v. The Internal Revenue Service, et al.*
Civil No. 2010-140
Page 15 of 15

    5.   As to Count 22, plaintiffs' motion to amend should be DENIED.

    6.   Plaintiffs' motion to withdraw their "Notice of Qualified Offer" should be GRANTED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1)(B); LRCi 72.3.

                              S_____
                                 **RUTH MILLER**
                                United States Magistrate Judge