DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BARCLAY ASSOCIATES, INC., ) | |
| KINGSBRIDGE ASSOCIATES, INC., ) | |
| WARWICK ASSOCIATES, INC., HARVEY ) | |
| BIRDMAN, DIANE BIRDMAN, HERBERT ) | |
| HIRSCH, BONITA HIRSCH          ) | Civil No.: 2010-140 |
| )                        | |
| Plaintiff,      ) | |
| )                        | |
| v.           ) | |
| )                        | |
| INTERNAL REVENUE SERVICE,     ) | |
| COMISSIONER OF THE INTERNAL    ) | |
| REVENUE SERVICE, DOUGLAS H.    ) | |
| SHULMAN, in his official       ) | |
| capacity, GOVERNMENT of the    ) | |
| VIRGIN ISLANDS, VIRGIN ISLANDS ) | |
| BUREAU of INTERNAL REVENUE,    ) | |
| CLAUDETTE WATSON-ANDERSON, in  ) | |
| her official capacity, GOVERNOR ) | |
| JOHN P. DEJONGH, in his official ) | |
| capacity, LOUIS M. WILLIS, in  ) | |
| his official capacity, and in ) | |
| his individual capacity.       ) | |
| )                        | |
| Defendants.     ) | |

ATTORNEYS:

**Joseph A. DiRuzzo, III Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
    *For Louis M. Willis in his official and individual*
    *capacity, Governor John P. DeJongh, Claudette Watson-*
    *Anderson, and Virgin Islands Bureau of Internal Revenue.*

**Dashiell C. Shapiro**
Washington, D.C.
    *For the Internal Revenue Service, and the Commissioner of*
*Internal Revenue.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the motions of the defendants the
Virgin Islands Bureau of Internal Revenue (the "VIBIR"),
Claudette Watson-Anderson ("Anderson"), and Louis M. Willis
("Willis") to dismiss this matter for lack of subject matter
jurisdiction and for failure to state a claim upon which relief
can be granted.   The United States also moves to dismiss this
matter for lack of subject matter jurisdiction.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Harvey and Diane Birdman ("the Birdmans") are
married.[1]  Plaintiffs Herbert and Bonita Hirsch ("the Hirsches")
are also married.

Harvey Birdman and Herbert Hirsch own and operate
businesses in the Virgin Islands and the United States mainland.
During tax years 2003, 2004, 2005, and 2006, their source of
income was from corporations, Barclay Associates, Inc.
("Barclay"), Warwick Associates, Inc. ("Warwick"), and
Kingsbridge Associates, Inc. ("Kingsbridge").

---

[1] Because the VIBIR's motion is brought pursuant to Federal Rule of Civil

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 3

## A. The Birdmans

The Birdmans contend that they filed their income tax returns for calendar years 2003, 2004, 2005, and 2006 with the VIBIR.

On September 30, 2010, the Internal Revenue Service ("IRS") sent the Birdmans each a letter captioned "Notice of Deficiency." The notice of deficiency informed the Birdmans that they owed taxes in the amount of $11,272,322 for the 2006 tax year.

Thereafter, on December 31, 2010, the Birdmans filed an amended income tax return with the VIBIR for tax year 2006.  On their amended return, the Birdmans requested that the VIBIR refund their taxes because the IRS issued a statutory notice of deficiency to them.  The VIBIR denied the refund claim for calendar year 2006.

On February 22, 2011, the IRS sent the Birdmans each a notice of deficiency for calendar years 2003, 2004, and 2005. Harvey Birdman's notice of deficiency alleges that he owed the IRS $2,123,438.37 for tax year 2003; $9,556,620.17 for tax year 2004; and $18,109,508.78 for tax year 2005. Diane Birdman's notice of deficiency stated that she owed the IRS $145,044.94 for tax year 2003; $426,777.68 for tax year 2004; and $1,038,031.19 for tax year 2005.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 4

On April 4, 2011, the Birdmans filed amended tax returns for calendar years 2003, 2004, and 2005 with the VIBIR.  On their amended returns the Birdmans requested that the VIBIR refund their taxes because the IRS issued a statutory notice of deficiency to them.  The VIBIR denied the refund claims for calendar years 2003, 2004, and 2005.

The Birdmans have also filed a petition for determination of deficiency of income tax liability for calendar years 2003, 2004, 2005, and 2006 in the United States Tax Court.

**B. The Hirsches**

The Hirsches contend that they filed their income tax returns for calendar years 2003, 2004, 2005, and 2006 with the VIBIR.

On September 30, 2010, the IRS sent the Hirsches each a letter captioned "Notice of Deficiency." The notice of deficiency informed the Hirsches that they owed the IRS $10,924,954.25 for calendar year 2006.

Subsequently, the Hirsches amended their income tax return for calendar year 2006.  On their amended return the Hirsches requested that the VIBIR refund their taxes because the IRS issued a statutory notice of deficiency.  The VIBIR denied the refund claim for calendar year 2006.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 5

On December 15, 2010, the IRS sent the Hirsches each a notice of income tax deficiency for calendar years 2003, 2004, and 2005. Herbert Hirsch's notice of deficiency stated he owed the IRS $2,148,779.69 for calendar year 2003; $9,152,836.73 for calendar year 2004; and $18,204,893.41 for calendar year 2005. Bonita Hirsch's notice of deficiency asserted that she owed the IRS $173,655.23 for calendar year 2003; $720,003.62 for calendar year 2004; and $1,224,799.60 for calendar year 2005.

On April 4, 2011, the Hirsches filed amended income tax returns for calendar years 2003, 2004, and 2005 with the VIBIR. On their amended returns the Hirsches requested that the VIBIR refund their taxes because the IRS issued a statutory notice of deficiency to them.  The VIBIR denied the refund claim for calendar years 2003, 2004, and 2005.

The Hirsches have also filed a petition for determination of deficiency of income tax liability for calendar years 2003, 2004, 2005, and 2006 in the United States Tax Court.

**C. Barclay Associates, Inc.**

Barclay alleges that it is a United States Virgin Islands ("USVI") corporation.  It asserts that it filed its corporate income tax return, Form 1120, for calendar years 2004, 2005, and 2006 with the VIBIR.  Subsequently, the IRS issued statutory notices of deficiency for calendar years 2004, 2005 and 2006 to

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 6

Barclay.  The notices of deficiency state that Barclay's income was not USVI sourced.  Barclay then amended its income tax return for tax years 2004, 2005, and 2006.  On the amended returns, Barclay requested that the VIBIR refund its tax payments for calendar years 2004, 2005, and 2006.  The VIBIR denied the refund claims.

### D. Kingsbridge Associates, Inc.

Kingsbridge alleges that it is a USVI corporation.  It asserts that it filed its corporate income tax return for calendar years 2003, 2004, 2005, and 2006 with the VIBIR. Subsequently, the IRS issued statutory notices of deficiency to Kingsbridge for calendar years 2003, 2004, 2005, and 2006.  The notices of deficiency state that Kingsbridge's income was not USVI sourced.  Kingsbridge then filed amended returns for 2003, 2004, 2005, and 2006.  On the amended returns Kingsbridge requested that the VIBIR refund its tax payments for 2003, 2004, 2005, and 2006.  The VIBIR denied the refund claims.

### E. Warwick Associates, Inc.

Warwick alleges that it is a USVI corporation.  Warwick filed its corporate income tax returns for calendar years 2003 and 2004 with the VIBIR.  Subsequently, the IRS issued statutory notices of deficiency to Warwick for calendar 2003 and 2004. The notices of deficiency state that Warwick's income was not

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 7

USVI sourced.  On March 11, 2011, Warwick filed amended income tax returns for tax years 2003 and 2004 with the VIBIR.  On its amended return Warwick requested that the VIBIR refund its taxes because the IRS issued a statutory notice of deficiency to it. The VIBIR denied the refund claims.

The Birdmans, the Hirsches, Barclays, Kingsbridge, and Warwick (collectively the "Plaintiffs") assert that the VIBIR and the IRS entered into a secret agreement in 2004 ("secret agreement").  The Plaintiffs contend that this agreement was entered into without approval from the Governor of the Virgin Islands.

The Plaintiffs state pursuant to this secret agreement, the IRS agreed that if an Economic Development Program ("EDP") beneficiary is found not to be a bona fide resident of the Virgin Islands the VIBIR would be permitted to keep any funds paid by those taxpayers.

The Plaintiffs further maintain that the VIBIR and IRS executed this agreement through a collaborative auditing system. They assert that the VIBIR provides a list of approved EDP beneficiaries to the IRS.  From this list, the IRS informs the VIBIR which entities it plans to select to audit.  Based on this information, the VIBIR will withhold processing income tax refunds to the entities chosen for audits.  The Plaintiffs state

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 8

that the VIBIR, and specifically Anderson, has a policy of not paying refunds until after an IRS audit is completed.

They argue that the IRS is "gaming the system" by maintaining  that filing an income tax return with the VIBIR does not begin the running of the statute of limitations for an assessment under 26 U.S.C. § 6501. (Amend. Compl. ¶ 197).  They further contend that all the while, the VIBIR maintains that the statute of limitations for an income tax refund under 26 U.S.C. § 6511 does apply. The Plaintiffs contend that the alleged arrangement between the IRS and the VIBIR infringes on the Plaintiffs "right[s] guaranteed under the Due Process Clause the 5th Amendment of the Constitution", "the Equal Protection Clause of the 14th Amendment as subsumed by the Due Process Clause of the 5th Amendment." (Amend. Compl. ¶ 200, 203, and 197).

On September 29, 2010, the Birdmans, the Hirsches, Kingsbridge, Barclays, and Warwick (the "Plaintiffs") filed a Twenty-Two Count complaint. In Counts One through Seven the Birdmans and Hirsches dispute the IRS's assessment of their tax deficiency and petition the Court for a redetermination of their income tax liability.  In Counts Eight through Sixteen the Plaintiffs assert refund claims against the Virgin Islands Government and the VIBIR.  In Counts Seventeen through Twenty-Two the Plaintiffs assert constitutional violations against the

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 9

defendants.  In Count Seventeen the Plaintiffs assert violations of due process against the IRS; the Commissioner of the IRS ("Commissioner") in his official capacity; the Virgin Islands Government; the VIBIR; Anderson in her official capacity; Governor John P. DeJongh, in his official capacity; and Louis M. Willis ("Willis"),  in his official capacity (collectively the "Defendants"), under 42 U.S.C. § 1983. In Count Eighteen, the Plaintiffs assert violations of due process under 42 U.S.C. § 1983 against the Commissioner, Anderson, Governor John P. DeJongh, and Willis. In Count Nineteen, the Plaintiffs assert violations of equal protection under 42 U.S.C § 1983 against the IRS, the Commissioner, the Virgin Islands Government, the VIBIR, Anderson, Governor John P. DeJongh, and Willis. In Count Twenty, the Birdmans, the Hirsches, Kingsbridge, Warwick, and Barclay, assert a violation of equal protection under 42 U.S.C. § 1983 against the Commissioner, the Anderson, Governor John P. DeJongh, and Willis, in their official capacities.  In Count Twenty-One, the Plaintiffs assert a violation of the takings clause of the Fifth Amendment against the IRS, the Commissioner, the Virgin Islands Government, the VIBIR, Anderson, Governor John P. DeJongh, and Willis. In Count Twenty-Two, the Birdmans, the Hirsches, Kingsbridge, Warwick, and Barclay, assert

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 10

violations of their Fifth Amendment rights against Willis, in his individual capacity, under section 1983.

The United States has moved to dismiss Counts 1-7 and 17-22 arguing that the Court lacks jurisdiction to hear this matter pursuant to Federal Rule of Civil Procedure 12(b)(1). It asserts that sovereign immunity bars the Court from hearing this action.

The VIBIR has moved to dismiss Counts 8-16 and 17-22 pursuant to Fed. R. of Civ. P. 12(b)(1) and 12(b)(6).

## II. <u>DISCUSSION</u>

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction.  *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).  A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977).  In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1)

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 11

as "whether the allegations on the face of the complaint, taken

as true, allege facts sufficient to invoke the jurisdiction of

the district court").

### B. Failure to State a Claim

In order to survive a motion to dismiss, a plaintiff must

offer "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). A court must ask whether the complaint "contain[s]

either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under *some*

viable legal theory." *Id.* at 569 (quoting *Car Carriers, Inc. v.*

*Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984))(emphasis in

original). "While a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of a cause of action's

elements will not do." *Id.* at 555(internal citations omitted).

Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must

allege facts that 'raise a right to relief above the speculative

level on the assumption that the allegations in the complaint

are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*,

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 12

499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*,

550 U.S. at 544).

### III. ANALYSIS

#### A. Counts One Through Seven: Petitions for Redetermination

In Counts One through Seven the Plaintiffs petition for

redetermination of the federal tax deficiency assessed by the

IRS.

The United States has asserted a facial challenge to this

Court's jurisdiction, arguing that this suit is barred by

sovereign immunity.

"The United States, as sovereign, is immune from suit save

as it consents to be sued . . ., and the terms of its consent to

be sued in any court define that court's jurisdiction to

entertain suit." *United States v. Sherwood*, 312 U.S. 584, 586

(1941).  "Its consent to be sued must be 'unequivocally

expressed,' and the terms of such consent define the court's

subject matter jurisdiction." *White-Squire v. U.S. Postal Serv.*,

592 F.3d 453, 456 (3d Cir. 2010)(quoting *United States v.

Mitchell*, 445 U.S. 535, 538 (1980)).

Courts have held that taxpayers seeking to bring suit

against the United States bear the burden of showing such a

waiver. *See, e.g.*, *Williams v. United States*, 243 Fed. App'x

236, 237 (9th Cir. 2007)("Taxpayers have the burden of showing

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 13

that the United States has unequivocally waived its sovereign

immunity."); *Fostvedt v. United States*, 978 F.2d 1201, 1202-1203

(10th Cir. 1992) ("The burden is on the taxpayer to find and

prove an 'explicit waiver of sovereign immunity.'").

The United States argues that though it has effectuated

such a waiver for petitions of redetermination brought in the

Tax Court in 26 U.S.C. § 6213 ("Section 6213"), it has not

waived its sovereign immunity for such suits filed with this

Court.  Section 6213 provides in pertinent part:

> Within 90 days, or 150 days if the notice is addressed to a
> person outside the United States, after the notice of
> deficiency authorized in section 6212 is mailed (not
> counting Saturday, Sunday, or a legal holiday in the
> District of Columbia as the last day), the taxpayer may
> file a petition with the Tax Court for a redetermination of
> the deficiency.

26 U.S.C. § 6213.

Courts have recognized that pursuant to section 6213,

the United States has waived its sovereign immunity for

petitions for redetermination brought in conformity with the

requirements of that statute. *See, e.g., Williams,* 243 Fed.

Appx. at 236 (9th Cir. 2007)(observing that challenging a

proposed tax deficiency in Tax Court is one of the two

"alternatives under which the United States waives its sovereign

immunity and consents to be sued in regard to federal income

taxes"); *Mason v. Hutton*, 141 F.3d 1185, 1185 (10th Cir.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 14

1998)(unpublished)(listing section 6213 as a statute in which
the United States has waived its sovereign immunity).

When the United States offers such consent to be sued, "the
terms of its consent to be sued in any court define that court's
jurisdiction." *Sherwood*, 312 U.S. at 586.  Section 6213
specifically directs a taxpayer to file a petition for
redetermination with the Tax Court. 26 U.S.C. § 6213.  That the
Tax Court serves as the appropriate forum for petitions for
redetermination, and not a federal district court, is well-
recognized. *See, e.g., Glass v. Internal Revenue Service*, 21
Fed. App'x 870, 872 (10th Cir. 2001)("The Tax Court has
exclusive jurisdiction over petitions for the redetermination of
tax deficiencies, the means of challenging the merits of a tax
deficiency determination."); *see also Palmer v. Comm'r of
Internal Rev.*, 62 Fed. App'x 682, 684 (7th Cir. 2003)("[T]o  sue
in a federal district court the taxpayer must first pay the full
amount of the tax liability. If the taxpayer chooses not to pay,
he must sue in Tax Court after receiving a notice of
deficiency.").

Notwithstanding this authority, the Plaintiffs contend that
jurisdiction is proper in this Court because pursuant to 48
U.S.C. § 1612 this Court has "exclusive" jurisdiction "with
respect to the income tax laws applicable to the Virgin

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 15

Islands." 48 U.S.C. § 1612.  The Plaintiffs note that this case involves their status as bona fide residents of the Virgin Islands which necessarily implicates the Mirror Code. The Plaintiffs further argue that "[b]y issuing the notices [of deficiency, the IRS] is challenging the validity of the income's source, and by extension, the [VIBIR's] ability to issue a credit pursuant to USVI tax law." (Pl. Opp. United States' Mot. Dismiss 10). As a consequence, the Plaintiffs assert that they may file a petition for redetermination of their deficiency in the payment of taxes to the IRS, in this Court.  That contention is legally problematic.

A brief recitation of the history of the mirror tax system provides a context within which the Court may assess the Plaintiffs' arguments.

In the Naval Service Appropriation Act of 1922,[2] Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" except as to those provisions in conflict with a separate tax structure. *HMW Indus., Inc., v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). The

---

[2] The Naval Service Appropriation Act provides in pertinent part:

> The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands . . . .

48 U.S.C. § 1397.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 16

Virgin Islands Code mirrors the federal tax code in that

"'Virgin Islands' is in effect substituted for 'United States'

(and vice versa) in the Internal Revenue Code so that, to

satisfy Virgin Islands tax obligations, an individual or

corporation in the Virgin Islands pays taxes to the BIR

equivalent to the taxes an individual or corporation under the

same circumstances in the United States would pay the Internal

Revenue Service." *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d

Cir. 1987).

Subsequent to the enactment of the Naval Appropriation Act,

Congress enacted the Revised Organic Act.  Section 1612 of that

act addressed this Court's jurisdiction over proceedings in the

Virgin Islands regarding income tax laws.  It provides in

pertinent part:

> The District Court of the Virgin Islands shall have
> exclusive jurisdiction over all criminal and civil
> *proceedings in the Virgin Islands* with respect to the
> income tax laws applicable to the Virgin Islands,
> regardless of the degree of the offense or amount involved,
> except the ancillary laws relating to the income tax
> enacted by the legislature of the Virgin Islands.

48 U.S.C. 1612(a)(emphasis supplied).

Here, the Plaintiffs assert that "the United States'

sovereign immunity from suit before the Tax Court has been

modified by the enactment of 48 U.S.C. § 1612." (Opp. United

States' Mot. Dismiss 17).

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 17

The Plaintiffs argue that the grant of "exclusive jurisdiction" gives the statute special significance, which has a cascading effect. They assert that in vesting this Court with such "exclusive jurisdiction," section 1612 preempts section 6213. That argument is flawed in several respects.

First, the Plaintiffs' argument seems to be founded on a faulty reading of section 1612(a). As the Court has previously articulated, "section 1612(a) carves out jurisdiction over proceedings in the Virgin Islands involving Virgin Islands income tax laws, as between this Court and the territorial courts" and "that jurisdictional grant does not place this Court as the only court under the flag with jurisdiction" over matters that implicate Virgin Islands income tax laws. *Birdman v. Office of the Governor*, 2010 WL 3810871, at * 7 (D.V.I. Sept. 27, 2010).

Second, it cannot be the case that section 1612 preempted section 6213. The Court can reach that conclusion without hesitation, because, as the Seventh Circuit noted in *Randolph v. IMBS, Inc.*, "[o]ne federal statute does not preempt another. When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other-and repeal by implication is a rare bird indeed." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004)

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 18

(citations omitted).  "An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter act covers the whole subject area of the earlier one and is clearly intended as a substitute." *Branch v. Smith*, 538 U.S. 254, 273 (2003)(internal citations and quotation marks omitted).  Nothing in section 1612's jurisdictional statement clashes with section 6213, nor assumes authority over the entire subject area of petitions for redetermination. Simply put, the Plaintiffs' implied preemption argument does not have legs, or more fitting with the imagery of the *Randolph* court, wings.

The Court has previously explained its jurisdiction over petitions for redetermination. In *WIT Equip. Co., Inc., v. Director, V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 503 (D.V.I. 2001), the Court noted that the Tax Court possesses jurisdiction over petitions for redetermination against the IRS, but that such petitions against the VIBIR, must be brought in this Court:

> Under the federal code, the U.S. Tax Court has jurisdiction over redetermination actions. I.R.C. § 6213.  Petitions for redetermination of Virgin Islands tax deficiencies, however, must be brought in the District Court of the Virgin Islands. 33 V.I.C. § 943(a); *see also Dudley v. Comm'r*, 258 F.2d 182(3d Cir.1958)(holding that the Tax Court does not have jurisdiction to review a deficiency claimed by the Government of the Virgin Islands).

*WIT Equip. Co.,Inc.*, 185 F. Supp. 2d at 503.  The tax deficiency about which *WIT* speaks is one owed to the VIBIR, not as here, one owed to the IRS.  The IRS has waived its sovereign immunity for petitions for redetermination brought in Tax Court pursuant to Section 6213.  Though the Virgin Islands Code has recognized a similar waiver of sovereign immunity with respect to the Government of the Virgin Islands in 33 V.I.C. § 943(a),[3] there has been no waiver granting this Court jurisdiction over petitions for redetermination against the federal government.

Notwithstanding the absence of a waiver of the United States' sovereign immunity, the Plaintiffs suggest that there is an alternative ground which authorizes this Court to exercise jurisdiction over his petition for redetermination.

The Plaintiffs contend that "the notices of deficiency issued to them are USVI notices giving this Court jurisdiction pursuant to 48 U.S.C. § 1612." ((Pl. Opp. United States' Mot.

---

[3] 33 V.I.C. § 943(a) uses analogous language to that found in Section 6213 in describing this Court's jurisdiction over petitions for redetermination against the VIBIR. It provides:

> Within 90 days, or 150 days if the notice is addressed to a person outside the Virgin Islands, after the notice of deficiency authorized in section 942 of this title is mailed (not counting Saturday, Sunday, or a legal holiday in the Virgin Islands as the last day), the taxpayer may file a petition with the district court for a redetermination of the deficiency.

33 V.I.C. § 943(a).

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 20

Dismiss 12) The Plaintiffs' position is confounding in two respects.

First, the issuer of the notices of deficiency was the IRS. In those notices, the IRS asserts, *inter alia*, that the Birdmans and Hirsches were not bona fide residents of the Virgin Islands for the years in which they claimed income as Virgin Islands sourced income. The IRS asserts that the income was sourced in the United States. The IRS's assessment of the Birdmans' and the Hirsches' liability was as to money owed to the IRS, not to the VIBIR. As such, the Court does not find that the notices of deficiency could be properly construed as having come from the Government of the Virgin Islands.

Second, the Plaintiffs seek a determination of their income tax deficiency owed to the IRS. Even if the Court were to construe the notices of deficiency as missives from the VIBIR, it is unclear by what means a notice of deficiency from an entirely separate taxing authority -- the VIBIR -- would give rise to a claim for redetermination of a deficiency to the IRS. As such, the Court finds no basis for a proper exercise of jurisdiction over the Plaintiffs' petition for redetermination against the IRS.[4]

---

[4] The Court hastens to add that the Plaintiffs are not without recourse to the extent they seek a redetermination of the IRS notice of deficiency. They can pursue a redetermination claim in the Tax Court, and indeed have availed

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 21

### B. Counts Seventeen Through Twenty: Section 1983 Claims

Counts Seventeen through Twenty assert violations of 42 U.S.C. § 1983 ("section 1983"). Count Seventeen asserts that the defendants have deprived the Plaintiffs of due process rights under the Fifth and Fourteenth Amendments of the Constitution. Count Eighteen asserts that the Commissioner, Anderson, DeJongh, and Willis have deprived the Plaintiffs of their rights protected by the Fifth and Fourteenth Amendments.  Count Nineteen asserts that the defendants have deprived the Plaintiffs of their rights under the equal protection clause of the Fourteenth amendment "as subsumed by the due process clause of the 5th amendment." (Amend. Compl. ¶ 200).  Count Twenty asserts that the Commissioner, Anderson, DeJongh, and Willis have denied the Plaintiffs "rights guaranteed under the Equal Protection Clause of the 14th Amendment as subsumed by the Due Process Clause of the 5th Amendment." (Amend. Compl. ¶ 203).

In Counts Seventeen through Twenty the Plaintiffs ask the Court for declaratory relief, attorney's fees, costs, and "further relief that the Court may deem just and proper." (Amend. Compl. ¶ 192, 197, 200, 203).  The VIBIR, and the Virgin Islands Government move to dismiss these Counts pursuant to Fed. R. Civ. P. 12(b)(6).  They argue that the Plaintiffs fail to

themselves of that option.  What they cannot do is seek a redetermination of an IRS deficiency in this Court.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 22

state a 1983 claim.  They further contend that the Plaintiffs

seek relief proscribed by the Anti-Injunction Act.  The United

States moves to dismiss the section 1983 claims pursuant to the

Anti-Injunction Act and sovereign immunity.

### 1. Section 1983 Claims Against Federal Actors: The IRS and the Commissioner

42 U.S.C. § 1983 states in pertinent part,

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress.

*Id*.

Section 1983 "provide[s] a remedy for deprivation of rights

under color of state law and do[es] not apply when the

defendants are acting under color of federal law."  *Mack v.

Alexander*, 575 F.2d 488, (5th Cir. 1978); *see also Carman v.

Parsons*, 789 F.2d 1532 (11th Cir. 1986); *Kingsley v. Bureau of

Prisons*, 937 F.2d 26, 30 n. 4 (2d Cir. 1991) (holding that "[a]n

action brought pursuant to 42 U.S.C. § 1983 cannot lie against

federal officers"); *Kostyu v. Ford Motor Co.*, 798 F.2d 1414 (6th

Cir. 1986) ("We observed initially the lack of state action

which would provide jurisdiction for this action under § 1983.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 23

The defendants are federal officials and private parties
carrying out federal income tax policies.").

Moreover, in *Segal v. C.I.R.* 177 Fed. App'x 29, 30 (11th
Cir. 2006), the Eleventh Circuit made clear, that section 1983
"provides a remedy for deprivation of federal rights by state
law: it is not a basis for a suit against the United States or
the IRS." *Id.; see also Zernial v. U.S.*, 714 F.2d 431, 435 (5th
Cir. 1983) (levying of wages by the IRS was done pursuant to
federal law, therefore taxpayer failed to state cause of action
under section 1983 because the statute provides redress for
action taken under color of state law.).

To the extent that the Plaintiffs assert section 1983
claims against the Commissioner of the IRS, in his official
capacity, he is a federal officer acting under the federal tax
laws of the United States.  As such, he is not subject to a
section 1983 suit.  Further, consistent with *Segal*, the IRS is a
federal entity.  As such, it also falls outside the purview of
section 1983.  Accordingly, the Court will dismiss the section
1983 claims against the IRS and the Commissioner.

## 2. Section 1983: Injunctive and Declaratory Relief

### a. Injunctive Relief

"A suit for damages must be contrasted with a suit for
equitable relief.  The Supreme Court has held that a state

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 24

official sued for injunctive relief is a 'person' under § 1983 because an action for prospective relief is not treated as a suit against the state." *Powell v. Ridge*, 189 F.3d 387, 401 (3d Cir. 1999) (citing *Will*, 491 U.S. at 71 n.10); *see also Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

In their complaint the Plaintiffs request that the Court issue a "declaration" that the defendants have violated various constitutional rights.  While that request does not specifically ask for an injunction, it is well settled that "an injunction of a tax and a judicial declaration that a tax is illegal have the same prohibitory effect on the federal government's ability to assess and collect taxes." *Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996); *see also Dickens v. U.S.*, 671 F.2d 969, 971 (6th Cir. 1982) (stating that plaintiffs "characterized their suit as a mandamus action and request for a declaratory judgment . . . the action is actually tantamount to an action for an injunction to restrain . . . an assessment of taxes.") (internal quotations omitted).  As such, the Court will treat the Plaintiffs' request for declaratory relief as a petition for injunctive relief.

Where a plaintiff essentially seeks injunctive relief as against a taxing authority, the Anti-Injunction Act ("AIA") is implicated.  The AIA states in pertinent part,

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 25

> Except as provided in sections 6015(e), 6212(a) and (c),
> 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c),
> 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for
> the purpose of restraining the assessment or collection of
> any tax shall be maintained in any court by any person,
> whether or not such person is the person against whom such
> tax was assessed.

26 U.S.C. § 7421(a).

The AIA is included in the federal tax code.  Because the
Virgin Islands Code mirrors the federal tax code, the AIA
applies to the Virgin Islands. *See* 48 U.S.C. § 1397 (the
Internal Revenue Code of the United States "shall be held to be
likewise in force in the Virgin Islands of the United
States[.]").

The Supreme Court has "interpreted the principal purpose of
[§ 7421(a)] to be the protection of the Government's need to
assess and collect taxes as expeditiously as possible with a
minimum of preenforcement judicial interference, 'and to require
that the legal right to the disputed sums be determined in a
suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-
737 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*,
370 U.S. 1 (1962)).

 In *Bob Jones University v. Simon*, 416 U.S. 725 (1974) the
Supreme Court addressed whether a federal court could enjoin the
IRS from revoking an entity's 501(c)(3) status.  In that case,
the IRS sought to revoke Bob Jones University's (the

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 26

"University") 501(c)(3) status because of its racially

discriminatory admissions policies. *Id.* at 734. The University

filed suit in district court seeking an injunction. The

district court granted the injunction. The court of appeals

reversed stating that the suit was barred by the AIA. The

Supreme Court granted certiorari to decide, "whether, prior to

the assessment and collection of any tax, a court may enjoin the

Service from revoking a ruling letter declaring that petitioner

qualifies for tax-exempt status and from withdrawing advance

assurance to donors that contributions to petitioner will

constitute charitable deductions under Code [§] 170(c)(2), 26

U.S.C. s 170(c)(2)." *Id.* at 727.

The University asserted that its case fell outside the

purview of the AIA. The University contended that its goal was

not to prevent the IRS from collecting revenue, but rather to

maintain "the flow of contributions" to the University. *Id.* at

738. The Supreme Court found this argument unpersuasive.

The Supreme Court observed that as a result of the IRS

recalling the University's 501(c)(3) status the University would

be subject to federal income taxes, and new federal taxes under

the Federal Insurance Contributions Act ("FICA"), and the

Federal Unemployment Tax Act ("FUTA"). *Id.* at 731. On this

basis, the Supreme Court concluded

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 27

> [b]ecause an injunction preventing the Service from
> withdrawing a {§} 501(c)(3) ruling letter would necessarily
> preclude the collection of FICA, FUTA, and possibly income
> taxes from the affected organization as well as the denial
> of [§] 170(c)(2) charitable deductions to donors to the
> organization, a suit seeking such relief falls squarely
> within the literal scope of the [AIA].

*Id*. at 732.

The University contended that "forcing it to meet the

standards of [section 7421 and *Enochs v. Williams Packing*,

would] deny it due process of law in light of the irreparable

injury it will suffer pending resort to alternative procedures

for review." *Id.* at 746.  The Supreme Court disagreed.  It

contended that the University had the ability to obtain judicial

review, albeit delayed.  It explained that after the IRS

assesses the University's income taxes it can petition the Tax

Court for review of the assessment.  The Court also noted that

the University had the option of paying the taxes, petitioning

for a refund, and then bringing a refund suit.  The Supreme

Court concluded that

> although the congressional restriction to post enforcement
> review may place an organization claiming tax-exempt status
> in a precarious financial position the problems presented
> do not rise to the level of constitutional infirmities, in
> light of the powerful governmental interests in protecting
> the administration of the tax system from premature
> judicial interference.

*Id.* at 748. *See also, Alexander v. 'Americans United" Inc.*, 416

U.S. 752, 767 & 760 (1974) (finding that where plaintiffs stated

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 28

their purpose for bringing suit was to "determine its charitable

status so far as benefactors are concerned" the Supreme Court

held that "[u]nder any reasonable construction of the statutory

term 'purpose,' the objective of this suit was to restrain the

assessment and collection of taxes from respondent's

contributors.").

In each of the claims asserted in Counts Seventeen through

Twenty the Plaintiffs seek a declaration that would effectively

enjoin the defendants from undertaking certain tax collecting

activities. The Plaintiffs' claims for relief are problematic

for several reasons.

First, like the taxpayer in *Bob Jones*, the relief that the

Plaintiffs seek appears to bear on the taxing authorities

ability to collect and assess taxes.  The Plaintiffs assert that

the Defendants are undertaking the assessment and collection of

taxes in accord with a "secret agreement" that the Plaintiffs

find objectionable. The Plaintiffs wish to have that activity

declared unlawful. Declaring the conduct outlined in Counts

Seventeen through Twenty as constitutionally infirm, as the

Plaintiffs wish, would effectively enjoin the Defendants from

collecting taxes.  Further, such a declaration would ultimately

serve as an end run around the established refund mechanism of

the taxing authorities.  Accordingly, such an action would be in

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 29

contravention of the AIA, which was promulgated "to require that

the legal right to [] disputed sums be determined in a suit for

refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-737

(1974).

Given that the Plaintiffs seek to enjoin the taxing

authorities from their tax collection and assessment activities,

Counts Seventeen through Twenty cannot survive as they violate

the AIA.

### b. Declaratory Judgment Act

Counts Seventeen through Twenty are also deficient as they

run afoul of the Declaratory Judgment Act ("DJA").  The DJA

states in pertinent part,

> In a case of actual controversy within its jurisdiction,
> except with respect to Federal taxes other than actions
> brought under section 7428 of the Internal Revenue Code of
> 1986, a proceeding under section 505 or 1146 of title 11,
> or in any civil action involving an antidumping or
> countervailing duty proceeding regarding a class or kind of
> merchandise of a free trade area country (as defined in
> section 516A(f)(10) of the Tariff Act of 1930), as
> determined by the administering authority, any court of the
> United States, upon the filing of an appropriate pleading,
> may declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not
> further relief is or could be sought. Any such declaration
> shall have the force and effect of a final judgment or
> decree and shall be reviewable as such.

28 U.S.C. § 2201

"Some have noted that the federal tax exception to the

Declaratory Judgment Act may be more sweeping than the Anti-

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 30

Injunction Act. . . There is no dispute, however that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Bob Jones v. Simon*, 416 U.S. 725, 732 n.8 (1974); *see also Alexander v. American United, Inc.*, 416 U.S. 752, 758 n.10 (1974).

Here, the Court has determined that the AIA bars suit. Given that the tax exception to the DJA is coextensive with the AIA, the Court need not analyze the viability of Counts Seventeen through Twenty under the DJA.

### C. Counts Twenty-One Through Twenty Two: Takings Clause of the Fifth Amendment.

#### 1. Count Twenty-One[5]

In Count Twenty-One the Plaintiffs assert a Fifth Amendment takings claim. "The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth, provides that private property shall not be taken for public use, without just compensation." *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 536 (2005).

A "classic" taking involves "a transfer of property to the state or to another private party by eminent domain." *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 130 S. Ct. 2592, 2601 (2010). A "regulatory taking" occurs when a "government regulation of private property [is] . . . so onerous

---

[5] Count Twenty-One alleges a takings action against all the defendants.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 31

that its effect is tantamount to a direct appropriation or

ouster." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537

(2005). A regulation may violate the Takings Clause "where

government requires an owner to suffer a permanent physical

invasion of her property"; or where the regulation completely

deprives the owner of "*all* economically beneficial use of her

property." *Id.* at 538 (internal quotation marks and citation

omitted).

Determining whether a Fifth Amendment taking can occur in

the form of taxes requires consideration of the confluence of

two constitutional principles.  In *Brushaber v. Union Pacific*

*R.R.,* 240 U.S. 1, 24 (1916), the Supreme Court stated,

> So far as the due process clause of the 5th Amendment is
> relied upon, it suffices to say that there is no basis for
> such reliance, since it is equally well settled that such
> clause is not a limitation upon the taxing power conferred
> upon Congress by the Constitution; in other words, that the
> Constitution does not conflict with itself by conferring,
> upon the one hand, a taxing power, and taking the same
> power away, on the other, by the limitations of the due
> process clause . . . And no change in the situation here
> would arise even if it be conceded, as we think it must be,
> that this doctrine would have no application in a case
> where, although there was a seeming exercise of the taxing
> power, the act complained of was so arbitrary as to
> constrain to the conclusion that it was not the exertion of
> taxation, but a confiscation of property; that is, a taking
> of the same in violation of the 5th Amendment; or what is
> equivalent thereto, was so wanting in basis for
> classification as to produce such a gross and patent
> inequality as to inevitably lead to the same conclusion.

*Id.*

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 32

Indeed, it is well established that a government's taxing power is not tantamount to a taking. *See, e.g., Rogers v. C.I.R.*, 281 F.3d 1278, 1278 (5th Cir. 2001) ("Congress's exercise of its taxing power does not constitute a taking under the Fifth Amendment."); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1340 (Fed. Cir. 2001) ("[T]he mere imposition of an obligation to pay money . . . does not give rise to a claim under the Takings Clause of the Fifth Amendment.").

Here, the Plaintiffs assert that they have been exposed to double taxation. They assert that such exposure has deprived them of property in violation of the Fifth Amendment. That assertion is legally wanting as "[t]axes indeed 'take' income, but this is not the sense in which the constitution uses 'takings.'" *Coleman v. Comm'r of the IRS*, 791 F.2d 68, 70 (7th Cir. 1986).

Moreover, the Plaintiffs appear to allege that they *will* be subject to double taxation if the IRS decides that the Birdmans and Hirsches were not bona fide residents of the Virgin Islands and if the IRS finds that Warwick, Barclay, and Kingbridge's income was not sourced from the Virgin Islands.

The complaint states in pertinent part,

208. The character of the governmental action comes not by way of legislation, regulation, or any other notice. Instead the character of the governmental action comes by

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 33

way of *sub rosa* agreement, which was, until very recently, not known to the general public and specifically not know to the Plaintiffs.

209.  Moreover, the Plaintiffs have been forced to bear public burdens in that their funds that would have to be returned to the respective Plaintiffs (if the IRS' determination that the Birdmans and the Hirsches are not bona fide USVI residents, or the IRS' determination that Warwick, Barclay, and Kingsbridge's income was not USVI source or effectively connected with a USVI trade or business are sustained) have gone into the general operating fund of the USVI and have been used to fund the USVI government.  As a result of the Plaintiffs have borne the burden of funding the USVI fisc (a fisc that is chronically in deficit), while other taxpayers who did not claim and EDC credit do not have to bear the same public burden.

(Amend. Compl. ¶ 208 & 209).

Assuming, *arguendo*, the Court were to find taxes to be a "legally cognizable property interest" "a possible future taking of property cannot give rise to a present action for damages." *United States v. 3,218.9 Acres of Land*, 619 F.2d 288, 291 (1980).

Accordingly, Count Twenty-One cannot survive.

### 2. Count Twenty-Two

According to the header of Count Twenty-Two, the Plaintiffs purport to assert a *Bivens* action against Willis in his individual capacity.[6]  However, consistent with *Twombly*, "mere

---

[6] Even if the Plaintiffs had appropriately pled a *Bivens* action in their complaint against Willis, their claim would be wanting.  "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the office in federal court despite the

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 34

'labels and conclusions,' and a 'formulaic recitation of the elements of a cause of action' will not suffice[.]" *Twombly*, 550 U.S. at 570.  The Plaintiffs' claim against Willis is more appropriately characterized as a section 1983 claim.

In the complaint plaintiffs assert that Willis executed the secret agreement without the proper authority.  They specifically allege,

> 214. LOUIS M. WILLIS' action in executing the secret allocation agreement were ultra vires and resulted in an illegal governmental taking of the funds paid to the BIR by virtue of the double taxation the IRS and the BIR are extracting form the Plaintiffs.
>
> 215. LOUIS M. WILLIS' actions in executing the secret allocation agreement were ultra vires and resulted in an illegal deprivation of due process of law as the funds paid to the BIR are being illegally retained by the BIR notwithstanding that the IRS lays claim to the same funds.
>
> 216.  LOUIS M. WILLIS' actions in executing the secret allocation agreement were ultra vires and resulted in an illegal extraction of property from the Plaintiffs as the IRS is refusing to give credit to any tax liability owed to the IRS for the funds paid to the BIR and the BIR is at the same time asserting that the statute of limitations under IRC § 6511 prevents taxpayers such as the instant plaintiff from recouping the funds paid to the BIR. Wherefore, the Plaintiffs request a Declaration that the actions of LOUIS M. WILLIS in his individual capacity, have resulted in a denial of rights guaranteed under the Constitution. . . .

(Amend. Compl. ¶ 214, 215, 216, and 217).

---

absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Because Willis is not a federal official *Bivens* does not apply.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 35

The Plaintiffs seek a declaration that Willis, in his individual capacity, has violated Plaintiffs' constitutional rights.  "The Supreme Court has held that 'state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Barton v. Curtis*, 497 F.3d 331, 336 n. 3 (3d Cir. 2007). Here, the Plaintiffs have named Willis in his individual capacity.  Accordingly, they have overcome certain preliminary requirements for alleging a section 1983 claim.

Notwithstanding that Willis qualifies as a "person" under section 1983, the Plaintiffs' claim against him is legally deficient. Similar to the Plaintiffs' other section 1983 claims if the Court were to issue a declaratory judgment that Willis signed the secret agreement without proper authorization, this would impact the VIBIR's tax collection and assessment functions.  Pursuant to the AIA the Court does not have subject matter jurisdiction to entertain such a claim.

## IV.  CONCLUSION

Based on the foregoing, the Court will grant in part the Defendants' motions. The Court will dismiss Counts 1-7 and 17-22.

An appropriate order accompanies this memorandum opinion.