```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS AND ST. JOHN

BARCLAY ASSOCIATES, INC.,         )
KINGSBRIDGE ASSOCIATES, INC.,     )
WARWICK ASSOCIATES, INC., HARVEY  )
BIRDMAN, DIANE BIRDMAN, HERBERT   )
HIRSCH, BONITA HIRSCH             )    Civil No.: 2010-140
                                  )
              Plaintiff,          )
                                  )
              v.                  )
                                  )
INTERNAL REVENUE SERVICE,         )
COMMISSIONER OF THE INTERNAL      )
REVENUE SERVICE, DOUGLAS H.       )
SHULMAN, in his official          )
capacity, GOVERNMENT of the       )
VIRGIN ISLANDS, VIRGIN ISLANDS    )
BUREAU of INTERNAL REVENUE,       )
CLAUDETTE WATSON-ANDERSON, in     )
her official capacity, GOVERNOR   )
JOHN P. DEJONGH, in his official  )
capacity, LOUIS M. WILLIS in his  )
individual[1] capacity.           )
                                  )
              Defendants.         )
                                  )
                                  )
```

**ATTORNEYS:**

**Joseph A. DiRuzzo, III Esq.**
Fuerst Ittleman David & Joseph, PL
Miami, FL
    *For Barclay Associates, Inc., Kingsbridge Associates, Inc.,*
    *Warwick Associates, Inc., Harvey Birdman, Diane Birdman,*
    *Herbert Hirsch, and Bonita Hirsch.*

**Carol Thomas-Jacobs, AAG**
**Tamika Archer, AAG**
**Vincent F. Frazer, AG**
V.I. Department of Justice

---

[1] When the events giving rise to the complaint occurred, Louis M. Willis was Director of the Virgin Islands Bureau of Internal Revenue. The current Director is Claudette Watson-Anderson. Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the transition of directorship.

St. Thomas, U.S.V.I.
    *For Louis M. Willis in his official and individual capacity, Governor John P. DeJongh, Claudette Watson-Anderson, and Virgin Islands Bureau of Internal Revenue.*

**Dashiell C. Shapiro, Esq.**
U.S. Department of Justice
Washington, D.C.
    *For the Internal Revenue Service, and the Commissioner of Internal Revenue.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the motions of defendants the Virgin Islands Bureau of Internal Revenue (the "VIBIR"), Claudette Watson-Anderson ("Anderson"), and Louis M. Willis ("Willis") to dismiss this matter for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Harvey and Diane Birdman ("the Birdmans") are married. Plaintiffs Herbert and Bonita Hirsch ("the Hirsches") are also married.

Harvey Birdman and Herbert Hirsch own and operate businesses in the Virgin Islands and the United States mainland. During tax years 2003, 2004, 2005, and 2006, their source of income was from corporations, Barclay Associates, Inc. ("Barclay"), Warwick Associates, Inc. ("Warwick"), and Kingsbridge Associates, Inc. ("Kingsbridge"). Those corporations

were participants in the Virgin Islands Economic Development Program ("EDP"). The EDP was created by the Virgin Islands government, with authorization from the U.S. Congress, to grant various tax incentives to Virgin Islands taxpayers who fulfill certain qualifications. I.R.C. § 934(b); 29 V.I.C. § 713b. For instance, participating taxpayers may realize considerable tax savings under the EDP if they qualify as bona fide residents of the Virgin Islands.

**A. The Birdmans**

The Birdmans contend that they filed joint income tax returns for calendar years 2003, 2004, 2005, and 2006 with the VIBIR.

On September 30, 2010, the Internal Revenue Service ("IRS") sent each of the Birdmans a letter captioned "Notice of Deficiency." The notices of deficiency informed the Birdmans that they owed taxes in the total amount of $11,272,322 for the 2006 tax year.

Thereafter, on December 31, 2010, the Birdmans filed a joint amended income tax return with the VIBIR for tax year 2006. On their amended return, the Birdmans requested that the VIBIR refund their 2006 tax payments because the IRS issued statutory notices of deficiency to them for that year. The VIBIR denied the Birdmans' refund claim for calendar year 2006.

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 4

On February 22, 2011, the IRS sent each of the Birdmans a notice of deficiency for calendar years 2003, 2004, and 2005. Harvey Birdman's notice of deficiency alleges that he owed the IRS $2,123,438.37 for tax year 2003; $9,556,620.17 for tax year 2004; and $18,109,508.78 for tax year 2005. Diane Birdman's notice of deficiency stated that she owed the IRS $145,044.94 for tax year 2003; $426,777.68 for tax year 2004; and $1,038,031.19 for tax year 2005.

On April 4, 2011, the Birdmans filed joint amended tax returns for calendar years 2003, 2004, and 2005 with the VIBIR. On their joint amended returns the Birdmans requested that the VIBIR refund their 2003, 2004, and 2005 tax payments because the IRS issued statutory notices of deficiency to them for those years. The VIBIR denied the Birdmans' refund claims for calendar years 2003, 2004, and 2005.

The Birdmans have filed a petition for determination of deficiency of income tax liability for calendar years 2003, 2004, 2005, and 2006 in the United States Tax Court.

**B. The Hirsches**

The Hirsches contend that they filed joint income tax returns for calendar years 2003, 2004, 2005, and 2006 with the VIBIR.

On September 30, 2010, the IRS sent each of the Hirsches a letter captioned "Notice of Deficiency." The notices of deficiency informed the Hirsches that they owed the IRS a total of $10,924,954.25 for calendar year 2006.

Subsequently, the Hirsches amended their joint income tax return for calendar year 2006. On their amended return the Hirsches requested that the VIBIR refund their 2006 tax payments because the IRS issued statutory notices of deficiency for that year. The VIBIR denied the Hirsches' refund claim for calendar year 2006.

On December 15, 2010, the IRS sent each of the Hirsches a notice of income tax deficiency for calendar years 2003, 2004, and 2005. Herbert Hirsch's notice of deficiency stated that he owed the IRS $2,148,779.69 for calendar year 2003; $9,152,836.73 for calendar year 2004; and $18,204,893.41 for calendar year 2005. Bonita Hirsch's notice of deficiency indicated that she owed the IRS $173,655.23 for calendar year 2003; $720,003.62 for calendar year 2004; and $1,224,799.60 for calendar year 2005.

On April 4, 2011, the Hirsches filed joint amended income tax returns for calendar years 2003, 2004, and 2005 with the VIBIR. On their joint amended returns the Hirsches requested that the VIBIR refund their 2003, 2004, and 2005 taxes because the IRS issued statutory notices of deficiency to them for those

years. The VIBIR denied the Hirsches' refund claim for calendar years 2003, 2004, and 2005.

The Hirsches have filed a petition for determination of deficiency of income tax liability for calendar years 2003, 2004, 2005, and 2006 in the United States Tax Court.

### C. Barclay Associates, Inc.

Barclay alleges that it is a United States Virgin Islands ("USVI") corporation. It asserts that it filed corporate income tax return, Form 1120, for calendar years 2004, 2005, and 2006 with the VIBIR. Subsequently, the IRS issued statutory notices of deficiency for calendar years 2004, 2005 and 2006 to Barclay. The notices of deficiency state that Barclay's income was not USVI sourced. Barclay then amended its income tax returns for tax years 2004, 2005, and 2006. On the amended returns, Barclay requested that the VIBIR refund its tax payments for calendar years 2004, 2005, and 2006. The VIBIR denied Barclay's refund claims.

### D. Kingsbridge Associates, Inc.

Kingsbridge alleges that it is a USVI corporation. It asserts that it filed corporate income tax returns for calendar years 2003, 2004, 2005, and 2006 with the VIBIR. Subsequently, the IRS issued statutory notices of deficiency to Kingsbridge for calendar years 2003, 2004, 2005, and 2006. The notices of

deficiency state that Kingsbridge's income was not USVI sourced. Kingsbridge then filed amended returns for 2003, 2004, 2005, and 2006. On the amended returns Kingsbridge requested that the VIBIR refund its tax payments for 2003, 2004, 2005, and 2006. The VIBIR denied Kingsbridge's refund claims.

   **E. Warwick Associates, Inc**.

Warwick alleges that it is a USVI corporation. Warwick filed corporate income tax returns for calendar years 2003 and 2004 with the VIBIR. Subsequently, the IRS issued statutory notices of deficiency to Warwick for calendar years 2003 and 2004.  The notices of deficiency state that Warwick's income was not USVI sourced. On March 11, 2011, Warwick filed amended income tax returns for tax years 2003 and 2004 with the VIBIR. On its amended return Warwick requested that the VIBIR refund its tax payments for 2003 and 2004 because the IRS issued statutory notices of deficiency to it for those years.  The VIBIR denied Warwick's refund claims.

The Birdmans, the Hirsches, Barclays, Kingsbridge, and Warwick (collectively the "Plaintiffs") assert that the VIBIR and the IRS entered into a secret agreement in 2004 ("secret agreement"). Pursuant to the secret agreement, the IRS would select certain Virgin Islands taxpayers to audit. If the IRS determined that any of those taxpayers were not bona fide U.S.

Virgin Islands residents, the VIBIR would get to keep any funds paid to it by those taxpayers.[2]

The Plaintiffs contend that the alleged secret agreement was entered into without approval from the Governor of the Virgin Islands. The Plaintiffs further maintain that the VIBIR and the IRS executed the secret agreement through a collaborative auditing system. They assert that the VIBIR provides a list of approved EDP beneficiaries to the IRS. After reviewing the list, the IRS informs the VIBIR which of the listed entities it plans to select to audit. Based on this information, the VIBIR will postpone its processing of income tax refunds to the entities chosen for audits. The Plaintiffs state that the VIBIR, and specifically Claudette Watson-Anderson, current Director of the VIBIR, has a policy of not paying refunds until after an IRS audit is completed.

On September 29, 2010, the Plaintiffs filed a Twenty-Two Count complaint. In Counts One through Seven the Birdmans and Hirsches dispute the IRS's assessment of their tax deficiency and petition the Court for a redetermination of their income tax

---

[2] "Congress has crafted special rules governing the taxation of Virgin Islands residents. One of these rules states that any 'bona fide resident of the Virgin Islands' will be granted full exemption from paying her federal income taxes—and therefore will not be required to pay taxes to the federal government, so long as she files a territorial tax return that fully reports her income and then fully pays her territorial taxes to the [Virgin Islands Bureau of Internal Revenue]." *Cooper v. C.I.R.*, 2013 WL 2128341, at *1 (3d Cir. May 17, 2013) (citing I.R.C. § 932(c); *Abramson Enters., Inc. v. Gov't of the Virgin Islands*, 994 F.2d 140, 142 (3d Cir. 1993)).

liability. In Counts Eight through Sixteen the Plaintiffs assert refund claims against the Virgin Islands Government and the VIBIR. In Counts Seventeen through Twenty-Two the Plaintiffs assert constitutional violations against the defendants. In Count Seventeen the Plaintiffs assert violations of due process against the IRS; the Commissioner of the IRS ("Commissioner") in his official capacity; the Virgin Islands Government; the VIBIR; Claudette Watson-Anderson ("Anderson") in her official capacity; Governor John P. DeJongh, in his official capacity; and Louis M. Willis ("Willis"), in his official capacity (collectively the "Defendants"), under 42 U.S.C. § 1983. In Count Eighteen, the Plaintiffs assert violations of due process under 42 U.S.C. § 1983 against the Commissioner, Anderson, Governor John P. DeJongh, and Willis. In Count Nineteen, the Plaintiffs assert violations of equal protection under 42 U.S.C § 1983 against the IRS, the Commissioner, the Virgin Islands Government, the VIBIR, Anderson, Governor John P. DeJongh, and Willis. In Count Twenty, the Birdmans, the Hirsches, Kingsbridge, Warwick, and Barclay, assert a violation of equal protection under 42 U.S.C. § 1983 against the Commissioner, Anderson, Governor John P. DeJongh, and Willis, in their official capacities. In Count Twenty-One, the Plaintiffs assert a violation of the takings clause of the Fifth Amendment against the IRS, the Commissioner, the Virgin

Islands Government, the VIBIR, Anderson, Governor John P. DeJongh, and Willis. In Count Twenty-Two, the Birdmans, the Hirsches, Kingsbridge, Warwick, and Barclay, assert violations of their Fifth Amendment rights against Willis, in his individual capacity, under section 1983.

The United States moved to dismiss Counts 1-7 and 17-22 arguing that the Court lacks jurisdiction to hear this matter pursuant to Federal Rule of Civil Procedure 12(b)(1). It asserted that sovereign immunity bars the Court from hearing this action.

The VIBIR moved to dismiss Counts 8-16 and 17-22 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In a March 31, 2012, Memorandum Opinion and Order, the Court granted the motion by the United States to dismiss Counts 1-7 and 17-22. The Court also granted the motion by the VIBIR to dismiss Counts 17-22. The Court scheduled a hearing for April 11, 2012, as to the VIBIR's motion to dismiss Counts 8-16, the only Counts remaining.

On April 13, 2012, after the April 11th hearing, the Court ordered the parties to submit briefs addressing:

> (1) the ripeness of any mitigation action alleged by the Plaintiffs; (2) whether the Plaintiffs have adequately alleged the payment of their income taxes, for which they seek refunds, in their complaint; and (3) whether a single sovereign is implicated in tax matters arising from the Virgin Islands.

Case: 3:10-cv-00140-CVG-RM   Document #: 59   Filed: 08/01/13   Page 11 of 18

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 11

(April 13, 2012, Order 2, ECF No. 52.) The parties complied.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction, and that they must assess the existence of jurisdiction in each case. *See Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction.") Further, when jurisdiction is in question, the burden of proof falls on the party asserting that jurisdiction exists. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002). "'The plaintiff must assert facts that affirmatively and plausibly

suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.'" *Church of Univ. Broth. v. Farmington Tp. Sup'rs*, 296 Fed. App'x 285, 288 (3d Cir. 2008)(unpublished) (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)). On the other hand, in addressing a factual challenge, courts "are not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 754 (3d Cir. 2000).

### B. Failure to State a Claim

In order to survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 569 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (emphasis in original). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 544).

### III. ANALYSIS

The VIBIR asserts in its motion to dismiss that the Plaintiffs' refund claims in Counts 8-16 are barred by the applicable statute of limitations.

"Federal courts lack jurisdiction to entertain refund claims brought outside of the statute of limitations." *Cooper v. C.I.R.*, 11-3490, 2013 WL 2128341, at *6 (3d Cir. May 17, 2013) (citing *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 350, 353–54 (3d Cir. 2000)). 26 U.S.C. § 6511 sets forth the limitations period for filing a refund claim:

> (a) Period of limitation on filing claim. – – Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or

> if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

The Plaintiffs concede that they filed their tax returns outside of the limitations period. They raise the defense of mitigation.

"[I]n narrowly defined circumstances, the strictures established by the statutes of repose are loosened by the Tax Code's mitigation provision." *TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996). The mitigation scheme is enumerated at 26 U.S.C. §§ 1311-14. "The relief provided by the mitigation statutes is limited to defined circumstances, and does not purport to permit the correction of all errors and inequities." *Fruit of the Loom, Inc. v. Comm'r*, 72 F.3d 1338, 1341 (7th Cir. 1996) (quotations and citations omitted). "In most cases falling within these mitigation provisions, correction of the effect of the error on a closed year can be made only if either the Commissioner, or the taxpayer, has taken a position in another taxable year which is inconsistent with the erroneous treatment of the item in the closed year." *Kappel v. Comm'r of the I.R.S.*, 615 F.2d 91, 94 (3d Cir. 1980).

> Section 1311 permits correction of the effects of an error only if: 1) there has been a "determination", as defined in section 1313, excluding the item of income, or allowing the deduction, in one year; 2) there has occurred a

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 15

> circumstance of adjustment described in section 1312; and 3) one of the conditions necessary for adjustment listed in section 1311(b) has been met.

*Kappel v. Comm'r of the I.R.S.*, 615 F.2d 91, 94 (3d Cir. 1980). "While these mitigation provisions are remedial and should be given a liberal interpretation, the party invoking them has the burden of showing that mitigation is permitted." *Koss v. United States*, 69 F.3d 705, 709 (3d Cir. 2005).

The U.S. Court of Appeals for the Third Circuit discussed the bounds of mitigation in its precedential case, *Cooper v. C.I.R.*, 11-3490, 2013 WL 2128341, at *6 (3d Cir. May 17, 2013). In *Cooper*, Virgin Islands taxpayer Patrick A. McGrogan filed refund claims against the VIBIR. This court dismissed McGrogan's claims as barred by the applicable statute of limitations. McGrogan appealed to the Third Circuit. On appeal, the Third Circuit addressed the issue of whether the mitigation provisions in I.R.C. §§ 1311-14 permitted McGrogan's untimely refund claim. The Third Circuit determined that

> The mitigation provisions do not afford relief to McGrogan because he cannot show that a "circumstance of adjustment" has occurred. McGrogan claims a circumstance of adjustment for the double inclusion of income. However, the Internal Revenue Code permits mitigation for the double inclusion of income only if the taxpayer's claim involves "an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer." I.R.C. § 1312(1). Such a double inclusion has not occurred in this case. McGrogan

> does not allege having erroneously paid taxes in an incorrect tax year nor has he claimed to have erroneously paid taxes for a related taxpayer. *Rather, McGrogan's overpayment of taxes is a situation not contemplated by the mitigation statute: payment to the wrong taxing entity.*

*Cooper*, 2013 WL 2128341, at *6 (emphasis added).

Similarly, here, the Plaintiffs do not allege that they erroneously included an item of gross income in the wrong tax year. They do not allege that they erroneously paid taxes for a related taxpayer. Rather, the Plaintiffs allege that they are entitled to mitigation because they erroneously paid taxes to the wrong taxing authority. As explained in *Cooper*, payment to the wrong taxing authority does not qualify as a circumstance of adjustment. "Although we should liberally interpret the mitigation statute, we may not rewrite its terms." *Id*. As such, the claim here must suffer the same fate as the claim advanced by the plaintiff in *Cooper*. Because the Plaintiff's purported "circumstance of adjustment" is outside the scope of I.R.C. § 1312(1), the mitigation statute does not apply.

Likewise, the Plaintiffs assert that they will be unfairly subjected to double-taxation. The prospect of double-taxation is troubling to the Court. At the same time, the mitigation remedy sought by the plaintiffs here is precisely the remedy sought by several litigants that have come before this Court. In each instance, this Court has ruled that the mitigation statute

*Birdman v. IRS, VIBIR et al.*
Civil No. 2010-140
Memorandum Opinion
Page 17

provided no salvation for the plaintiffs' claimed injury. *See, e.g.*, *McGrogan v. C.I.R*, Civil No. 2009-167, 2011 WL 3472336 (D.V.I. Aug. 8, 2011). The Third Circuit has affirmed this Court's holding, explaining that

> Even though McGrogan's claim falls outside the scope of the mitigation statute, he seeks an exception to it because of the special relationship between the United States and the Virgin Islands and the purportedly collusive coordination of tax policy between the IRS and the VIBIR. McGrogan also points to a possibility of double taxation. Again, while we are cognizant of the equitable concerns presented in this case, these policy arguments still do not change the fact that McGrogan's claims fall outside of the mitigation scheme established by Congress. We are powerless to create a judicial exception to the mitigation statute to accommodate him. *See, e.g., United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (absent a statutory exception, when statute of limitations is expired, "a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court."). For these reasons, McGrogan may not use the mitigation statute to avoid the statute of limitations bar.

*Cooper v. C.I.R.*, 11-3490, 2013 WL 2128341 (3d Cir. May 17, 2013).

The Plaintiffs here find themselves in the same position as the plaintiff in *Cooper*. While the Court sympathizes with the Plaintiffs' position, it must nonetheless be guided by the law. Accepting the Plaintiffs' invitation to extend the mitigation

statute would essentially put the Court at risk of engaging in judicial legislation. The Court must decline that invitation.

Because the Court is without jurisdiction to hear the Plaintiffs' remaining claims due to the expiration of the applicable statute of limitations, the Court does not reach the remaining issues involving adequacy of the Plaintiffs' payment allegation and applicability of the Single Sovereign Doctrine.

## IV. CONCLUSION

Based on the foregoing, the Court will grant the Defendants motion. The Court will dismiss Counts 8-16.

An appropriate order accompanies this memorandum opinion.

```
                                   S_____
                                      Curtis V. Gómez
                                        Chief Judge
```